UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA           :

                                                                       20-cr-507-2

   -against-                           :

                                                                        **ORDER**

RONALD WILLIAMS,                    :

               *Defendant.*          :
------------------------------------------------------------x

      Defendant Ronald Williams ("Defendant") filed a Motion for Reconsideration of Sentence to correct or reduce his December 8, 2022, sentence of 120 months' imprisonment for his role in a cocaine distribution conspiracy. The Government opposes the motion. For the reasons that follow, Defendant's motion is **DENIED**.

      Defendant first requests relief to correct "an error in the presentence investigation report" which, according to Defendant, resulted in the Court "inadvertently" sentencing Defendant to the incorrect amount. Def. Mot. for Reconsideration of Sent'g ¶¶ 7–8, ECF No. 109. Defendant does not cite any grounds for relief; because he requests that the Court correct a sentencing "error," the Court construes it as a request under Federal Rule of Criminal Procedure 35(a).

      As an initial matter, the Court lacks jurisdiction to correct Defendant's sentence under Rule 35(a). Within fourteen days after sentencing, a court "may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). "[A] district court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired, even where the motion seeking relief is timely filed." *United States v. Sarvestani*, 297 F.R.D. 228, 229 (S.D.N.Y. 2014) (citing *United States v. Werber*, 51 F.3d 342, 348 (2d Cir. 1995)). More than fourteen days have now passed since the oral announcement of Defendant's

sentence, and Rule 35(a) relief is thus unavailable. *See* Sent'g Minute Entry, ECF No. 108; Fed. R. Crim Pro 35(c).

Even if the Court had jurisdiction, the motion would fail on the merits because there is no error to correct. The Court imposed a 120-month sentence, both orally at sentencing and again in the judgment of conviction. *See* Sent'g Tr. 13:13–16, ECF No. 111; Williams Judgment, ECF No. 108. The parties at sentencing confirmed that the Presentence Investigation Report ("PSR") did not require corrections and the Court accepted it as accurate. Sent'g Tr. 2:10–17. The Court acknowledged that the PSR calculated an Offense Level of 33 and Criminal History Category VI for a Sentencing Guideline range of 235 to 240 months. Sent'g Tr. 2:18–20. Defendant and the Government, however, agreed that the Government, while taking "no factual dispute with the calculation that probation provide[d,]" was not insisting on Probation's application of a two-point enhancement for Defendant allegedly fleeing from police prior to his arrest. *Id.* 2:22–3:12.[1] The Court noted that "[t]he points [were] well taken." *Id.* 3:12. The Court also declined, in announcing its sentence, "to mention the tumult at the scene of the arrest, because that was not part of the plea bargain [and thus the Court was] not going to take that into consideration in imposing sentence." *Id.* 13:5–12.

The Court also indicated it would impose a sentence of "*about* half" of Probation's recommended Guideline sentence of 180 months, in part to avoid a disparity with a co-defendant's sentence. *Id.* 12:14–23 (emphasis added); PSR pg. 28, ECF No. 81. Such a generalized characterization, however, was not intended to be taken literally or viewed as superseding the Court's clearly articulated 120-month sentence. Rather, the Court considered

---

[1] Per the parties' calculation in the plea agreement, Defendant's Total Offense Level was 31 and his Criminal History Category was VI, yielding a Stipulated Guideline range of 188 to 235 months imprisonment. *See* Gov't Opp. 2, n.1, ECF No. 113.

2

"the seriousness of the matter and the volumes [of cocaine] involved, [and] the amount of money at stake[,]" and intentionally imposed a 120 month sentence to "promote[] the respect for the law and act[] as a reasonable deterrent to others who might consider engaging in the drug trade." Sent'g Tr. 13:5–12.

Defendant also requests a 10-month sentence reduction to account for Covid conditions during his incarceration. Again, he cites no basis for relief. Under 18 U.S.C. § 3582(c), a district court "may not" modify an imposed term of imprisonment, except under limited circumstances, none of which are applicable here. Defendant does not seek to correct a Rule 35 error, *see* 18 U.S.C. § 3582(c)(1)(B), nor does he request a reconsideration based on a lowered sentencing range, *see id.* § 3582(c)(2). If Defendant wishes to modify his sentence pursuant to § 3582(c)(1)(A), he must comply with the required procedures, including "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," before the Court can properly consider his motion.

## CONCLUSION

Defendant's Motion for Reconsideration of Sentence is denied. The Court of Clerk is directed to close ECF No. 109.

Dated: New York, New York
January ___, 2023

SO ORDERED

*[signature]*

HONORABLE PAUL A. CROTTY
United States District Judge